ARNOLD MILLING CO. v. COMMODITY
CREDIT CORPORATION et al.

No. 5087.

United States District Court
W. D. Missouri, W. D.

Sept. 8, 1948.

John W. Hudson, of Kansas City, Mo., for plaintiff.

Lathrop, Crane, Sawyer, Woodson & Righter, of Kansas City, Mo., for defendant railroad.

David L. Thompson, of Kansas City, Mo., for Commodity Credit Corporation.

REEVES, Chief Judge.

Plaintiff's motion to strike, as well as the complaint, is based upon paragraph 11, Section 20, Title 49 U.S.C.A. This particular paragraph fixes liability upon the "initial carrier for loss; * * *" in cases of interstate transportation, and it forbids any limitation of liability by contract, receipt, rule, regulation, or other methods of limiting liability.

Paragraph 8 of defendant's answer is a special plea and defense wherein it is set forth that a connecting carrier, namely, The Gulf, Colorado and Santa Fe Railway Company, "for itself and in behalf of this defendant and the Texas City Terminal Railway Company on or about March 31, 1948, paid off, settled, and discharged said claims * * *." This was followed by averments that releases were executed by the plaintiff and the railway defendant discharged from liability on account of losses claimed by the plaintiff to have been sustained by it, in the interstate transportation of two cars of flour delivered to the defendant for shipment on or about April 10, 1947, and consigned to Commodity Credit Corporation (one of the defendants), at Texas City, Texas.

Apparently the plaintiff does not deny the releases set up in paragraph 8 of the an-

swer of the defendant Railway Company but says that perforce the provisions of said paragraph 11, Section 20, Title 49 U.S.C.A., such release is void in law.

1. For an understanding of the questions raised, it seems proper to consider the purpose of the enactment relied upon by the plaintiff. The Supreme Court, in Adams Express Co. v. Croninger, 226 U.S. 491, loc. cit. 504, 33 S.Ct. 148, 57 L.Ed. 314, 44 L. R.A.,N.S., 257, interpreted the statute and pointed out the significance and dominating features of the enactment. The statute compels the initial carrier to issue a receipt or bill of lading for the merchandise or property received for transportation in interstate commerce. The statute then makes the initial carrier liable for "any loss, damage, or injury to such property, caused by it." It went further and made the initial carrier also liable for "any loss, damage, or injury to such property" caused by "any common carrier * * * to which such property may be delivered or over whose line or lines such property may pass." And then the statute nullifies any "contract, receipt, rule, regulation * * *" which attempts to "exempt such common carrier, railroad, or transportation company from the liability hereby imposed."

According to this interpretation, the shipper became entitled to damages sustained to his property from the initial carrier. The statute provides that the initial carrier shall be liable "for the full actual loss, damage, or injury to such property caused by it" or by any common carrier.

2. In this case no effort was made to limit the liability or exempt the carrier from liability in the shipping contract, but it is alleged by paragraph 8 of the answer of the defendant carrier that a settlement was made after the alleged loss or damage and a release was given by the plaintiff "in full of each of said claims."

This was a lawful transaction for the reason that there might have been a dispute as to "the full actual loss, damage, or injury to such property" caused by the several carriers. Moreover, as it appears from the pleadings in this case, there is a real controversy as to whether the property had been delivered to the consignee, that is to say, whether the transportation or carrier service had been completed. The defendant Railway Company did not interpose a contract or an arrangement whereby liability in the course of transportation was to be limited.

It was within the rights of the parties to compromise and settle their controversy after claimed damage or loss. This is a right and privilege existing in favor of all litigants, whether in court or out of court. It is fundamental. See Brown v. Wabash R. Co., 222 Mo.App. 518, 281 S.W. 64; Callen v. Pennsylvania R. Co., 332 U.S. 625, 68 S.Ct. 296; Tracy-Waldon Fruit Company v. Southern Pac. R. Co., 96 Cal.App. 400, 274 P. 411.

Plaintiff's motion to strike out the defensive matter mentioned should be overruled and it will be so ordered.